## CITY OF EAST ST. LOUIS

### v.

## THE PEOPLE EX REL.

1. MUNICIPALITIES—POWER TO COMPEL PAYMENT OF JUDGMENT.—Taxes are authorized to provide for the necessary expenses of government, and the funds thus raised are to be applied first to the necessary current expenses of the city, and though these expenses may swallow up all that may be thus raised, courts are powerless to add to the burden of taxation beyond the limits assigned by the charter of the corporation or by law. The fact that the city may incur liabilities, which may ripen into judgments, beyond its present ability to pay, can make no difference.

2. CANNOT COMPEL TAX BEYOND CONSTITUTIONAL LIMIT.—So where it appears that the constitutional or charter limit of taxation has been reached, and that the funds thus derived will all be used in meeting the current expenses of the city, a mandamus to compel the levy of a tax to pay a judgment against the city, will be refused.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 2, 1880.

Mr. J. M. FREELS, for appellant; that the judgment creates no new rights in respect to the means of payment, cited United States v. Macon county, 11 Chicago Legal News, 263.

Mandamus will not be granted unless the right to it clearly appears: The People v. Cline, 63 Ill. 394; The People v. Fowler, 55 N. Y. 252; The People v. Huntoon, 71 Ill. 536.

Demand and refusal must be shown: Kemner v. State, 7 Neb. 130.

Mr. C. F. Noetling, Mr. R. A. Halbert and Mr. L. H. Hite, for appellee; as to what is sufficient in a petition for mandamus, cited The People v. Glann, 70 Ill. 232; The People v. Supervisor, etc. 51 Ill. 191; Commonwealth v. Alleghany Co., 34 Pa. 496; Commonwealth v. Pittsburg, 37 Pa. 277; Thomas' case, 8 Pa. 218; High on Extraordinary Remedies, § 472.

An execution cannot issue against a city, and a judgment must be enforced by mandamus: Chicago v. Halsey, 25 Ill. 598; Trustees v. Schroeder, 58 Ill. 353; Chicago v. Sansum, 87 Ill. 182.

No previous demand was necessary: Commonwealth v. Alleghany Co. 37 Pa. 246; Commissioners v. King, 13 Fla. 461; State v. City of Racine, 21 Wis, 249; Ohio v. Clinton Co. 6 Ohio St. 287; Maddox v. Graham, 2 Met. 59; State v. Common Council, 4 Brown 110; Glencoe v. The People, 78 Ill. 382; Sheaff v. The People, 87 Ill. 189; Palmer v. Stacy, 44 La. 340.

Wall, J. This was a proceeding by mandamus to compel the city of East St. Louis to levy a tax to pay a judgment held by the relator against the city. The amended petition alleges that Seim, the relator, recovered the judgment in the City Court of East St. Louis, March Term, 1878. That said judgment is unpaid, and that no steps have been taken in the direction of paying it; that there is and has been no money in the treasury since the rendition of the judgment which could be used for that purpose; that the fiscal year of the city begins March 16th; that it is the duty of the city to make a special tax levy in the premises, and prays for a peremptory writ of mandamus to compel the city to levy such a tax. The answer of the city admits the recovery of the judgment and its non-payment; alleges that the payment was never demanded, nor was the city ever requested to levy said tax, nor was it the duty of the city to do so; that by its charter the city was limited in the levying of taxes to one per cent. per annum on the assessed

value of property within the corporate limits; that for the fiscal year 1878 and 1879, such a levy could produce only the sums of $34,450 and $31,097, respectively, and that said sums together with all the available resources are not sufficient to meet the necessary current expenses of said years; that for the year 1878 there had been appropriated the sum of $58,000, and for the year 1879 the sum of $68,200, for the necessary current expenses of said year; that the city has no other source of revenue except from licenses, and that from the latter source no money was received in 1878, and none could be received in 1879, because by law the city is required to accept for licenses its own treasury warrants and certificates of indebtedness, of which there were in 1878, and would be in 1879, more than enough to cover the amount of the licenses; that if said licenses were paid in cash the receipts therefor, together with the total amount received and receivable for taxes, could not be sufficient to meet the necessary current expenses of the city; that said expenses cannot be curtailed, and are indispensably necessary to run the different departments of the city; that there is no other fund available for the purpose of paying said judgment, and that the city cannot incur any indebtednesses by issuing bonds or warrants, as the present funded and unfunded indebtedness, exclusive of said judgment, is already in excess of the constitutional limits. A replication was filed, to which the respondent demurred. The demurrer was carried back and sustained to the answer. The respondent electing to stand by the answer, a peremptory mandamus was awarded. The only question is as to the sufficiency of the answer. The city of East St. Louis is a municipal corporation, organized by virtue of its charter, and possessing such powers as are therein granted. The prime object of the state in granting the charter was to create an agency to which might be entrusted the ordinary powers of government for the locality, and to which might be delegated a portion of the sovereign power of the state—the ultimate design being, of course, to secure in a more effective and thorough manner the peace and good order of the corporate district, and the health and safety of the persons dwelling or being therein. To provide for the necessary expenses of this local government,

East St. Louis v. The People.

taxes and licenses are authorized, and the manner of their imposition and collection prescribed. The funds thus raised are to be applied, first to the necessary current expenses of the city; and though these expenses may swallow up all that may be thus raised, courts are powerless to increase the burden of taxation beyond the limits assigned by the charter or by law. The fact that the city may incur. liabilities which may ripen into judgments beyond its present ability to pay, can make no difference. Neither the property of the citizen, nor the corporate property of the city, such as market houses, engine houses, fire engines, etc., can be taken in execution. The same reason which would make it unwise and inexpedient to sell the corporate property of the city in payment of its debts, renders it imperative that its revenues should first be applied to necessary current expenses. The reason is obvious. The health and security of the citizen, public peace and good order must be maintained. These are the chief objects of the municipal organization, and to accomplish these the corporate revenues are indispensable.

But the city may be required to exhaust all its powers of taxation, and honestly and economically to apply its income, to the end that after meeting its necessary current expenses it may discharge its other just obligations. The answer in this case contains much that may be criticised. Its statements are somewhat confused and inartificial, and it is lacking to some extent in that terse, clear and apt phrase which ought to characterize all pleadings. Yet, considering it all, and giving its various averments a fair, not a liberal construction, we think it contains enough. It shows a state of things which, if true, would render it improper and indeed unavailing to grant the prayer of the petition. It shows that the entire revenues of the city, when all its powers of taxation are exercised, will not meet the necessary current expenses; that these expenses, which are specified, cannot be curtailed, and that the city cannot incur any further indebtedness, the constitutional limit having been already reached and passed. If this be true, how can the relief sought by the petition be granted? These averments in the answer are distinct and positive enough to be traversed, and if issues of fact

East St. Louis v. The People.

are formed upon them the city must by satisfactory proof maintain them.   It must show that its expenses are not extravagant, and it must be held to an honest management of its financial affairs.   It must be held to an economical and faithful use of the funds raised by taxation, and will be required to apply whatever can be spared over and above necessary expenses to the payment of its debts.   People etc., *Ex rel* etc., vs. City of Cairo 50 Ill. 154.

Objection is made that the petition does not show a demand and refusal.   It is a general rule that before issuing a writ of mandamus there must have been a refusal to do that which it is the object of the mandamus to enforce, either in distinct terms, or by circumstances showing an intention in the party not to do the act required.   Moses on Mandamus, page 18; 3 Stephens' Nisi Prius, 2292.

In many cases it would be necessary that an opportunity should be afforded the party to do the act required, before involving him in the cost and vexation of a suit.   Yet if such facts are shown as make it apparent that he will not move until compelled, it should be enough.

In Commonwealth v. Commissioners Alleghany Co., 37 Penn. St. 237, it was held not requisite to a mandamus commanding public officers to perform official duties which they had neglected, that a demand should previously have been made upon them to perform the duty.   In the present case, it appears from the petition that the judgment has not been paid after a considerable lapse of time, and that no steps have been taken to that end.   The answer admits the judgment, and while saying that no demand was ever made, avers in the same sentence, that it was not the duty of the city to make the desired levy, and proceeds to assign reasons, which, if well founded in fact, would bar the relief.   Whether these grounds of defense are well founded or not, it is apparent the city did not intend to act, and that a formal demand would have been fruitless, and therefore it must be held in such a case unnecessary.   The judgment is reversed and the cause remanded.

Reversed and remanded.